Filed 4/16/25  P. v. Schlaick CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052167 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 23CR006864) |
| v. | |
| MICHAEL WILLIAM SCHLAICK, | |
| Defendant and Appellant. | |

## MEMORANDUM OPINION[1]

Defendant Michael William Schlaick appeals from a judgment entered after conviction by plea.  Appointed counsel for Schlaick has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Schlaick was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Schlaick, we affirm the judgment.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, title 8, standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

## I. FACTS AND PROCEDURAL BACKGROUND

In May 2022, a man later identified as Schlaick drove a Cadillac alongside the vehicle of Jane Doe, who was stopped at a red light.  Schlaick exited the Cadillac, and, claiming he was a " 'cop,' " ordered her out of " 'her fucking car right now.' "  When she refused, he reached into the vehicle and tried to grab Doe and told her he would "break" her, but she drove off.

In August 2023, a City of Seaside police officer observed a Cadillac with tinted windows, a violation of Vehicle Code section 26708, subdivision (a)(1), and conducted a traffic stop.  The officer recognized the driver as the suspect in the May 2022 incident, which Doe had captured on video.  The officer ordered Schlaick out of the vehicle, observed Schlaick was "uneasy on his feet," and conducted a field sobriety test.  Schlaick performed poorly on the test.  A preliminary alcohol screening test revealed a blood alcohol level of 0.161 percent.  A subsequent breathalyzer test recorded a blood alcohol content of 0.15 percent.

On August 18, 2023, the Monterey County District Attorney filed a complaint charging Schlaick with criminal threats (Pen. Code,[2] § 422, subd. (a); count 1), false imprisonment by violence (§ 236; count 2), misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 3), and misdemeanor driving with a blood alcohol content of 0.08 percent or more (*id*., subd. (b); count 4).  As to counts one and two, the complaint alleged that Schlaick suffered a prior strike conviction and prior serious felony conviction (§§ 1170.12, subd. (c)(1), 667, subd. (a)(1), respectively) in connection with a 1991 first degree burglary conviction.

On February 22, 2024, pursuant to a plea agreement, Schlaick pleaded no contest to counts 1 and 4 and admitted, as to count 1, two aggravating factors under California Rules of Court, rule 4.421(b)(2) and (b)(3) as well as a prior serious felony conviction

---

[2] All further unspecified statutory references are to the Penal Code.

pursuant to section 667, subdivision (a)(1). Schlaick entered the plea on condition that the court would impose an eight-year prison sentence and suspend execution of the sentence, dismiss the remaining counts at sentencing, and grant formal probation of two years on the felony and five years on the misdemeanor. Schlaick agreed to waive his rights to state and federal writs and appeals, and that he would not move to withdraw his plea and would be ordered to pay restitution. Schlaick agreed that there was a factual basis for the plea based on the specified police reports. The court advised Schlaick that his plea to count 1 constitutes a strike under the Three Strikes law, and of the other consequences of his plea. Schlaick executed a written advisement of rights, waiver and plea form, which the court reviewed with him before taking no contest plea. At the request of defense counsel, the court referred Schlaick for a three-month first offender DUI class and to an anger management program.

The trial court sentenced Schlaick on April 30, 2024, in accordance with the plea agreement. As to count 1, the court imposed the upper term of three years, consecutive to five years for the section 667, subdivision (a)(1) enhancement, and suspended imposition of the sentence. The court placed Schlaick on formal probation for two years on the felony conviction and five years on the misdemeanor, which, after two years, will convert to informal probation on the misdemeanor for the remaining three years.

The trial court ordered Schlaick, among other conditions of probation, to serve 364 days in the county jail with credit for time served of four days, to accept a period of up to 10 days flash incarceration imposed by the probation officer for any probation violation, to not come within 100 yards of the victim or have direct or indirect contact with her, to enroll in and complete a county approved three-month first offender alcohol program, and to participate in any outpatient counseling or substance abuse program the probation officer deems necessary. The court issued a criminal protective order at the district attorney's request.

3

The trial court imposed a $450 restitution fund fine and ordered Schlaick to pay a fine plus penalty assessments totaling $1,724 for the DUI offense. It also ordered an additional restitution fine of $450 to be imposed but suspended, and a $80 court operations assessment (§ 1465.8, subd. (a)(1)) and $60 facility assessment (Gov. Code, § 70373). The trial court dismissed counts 2 and 3 on the motion of the district attorney and struck the enhancements alleged as to counts 1 and 2 (§ 1170.12, subd. (c)(1)).

Schlaick timely appealed.

## II. DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Schlaick. We therefore affirm the judgment.

## III. DISPOSITION

The judgment is affirmed.

_____
Danner, Acting P. J.

WE CONCUR:


_____
Wilson, J.




_____
Bromberg, J.




**H052167**
*People v. Schlaick*